UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| FLORIDA ECO-SAFARIS, INC., ) | Case No. 6:12-bk-11411-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| | |
| CARLA P. MUSSELMAN, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:14-ap-00014-KSJ |
| vs. ) | |
| ) | |
| DAVID JONES INSURANCE, INC.; ) | |
| PREMIUM ASSIGNMENT ) | |
| CORPORATION; PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY; ) | |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S, LONDON; and SCOTTSDALE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION GRANTING DEFENDANT PREMIUM
ASSIGNMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

The Chapter 7 Trustee seeks to recover $61,025 in insurance premium payments (the "Transfers") paid to the Defendant, Premium Assignment Corporation ("PAC"), as actually and constructively fraudulent transfers. PAC filed a motion for summary judgment arguing it gave fair value in return for the Transfers and that no material issues of fact exist.[1] Because PAC met its burden on summary judgment to show it is entitled to judgment as a matter of law, and the Trustee

---

[1] Doc. No. 18.

failed to meet its burden to produce sufficient rebuttal evidence, the Court grants PAC's motion for summary judgment.

PAC loans businesses money to pay their insurance premiums. Debtor borrowed $58,582.46 from PAC to pay insurance premiums under a Premium Financing Agreement, and PAC took a security interest in the unearned premiums.[2] Debtor used the borrowed funds to pay premiums on five different insurance policies, including policies provided by co-defendants Underwriters at Lloyd's and Scottsdale Insurance Company.[3] Under the financing agreement, the Debtor was obligated to repay the loan in ten monthly payments. These payments, made by the Debtor, are the Transfers the Trustee seeks to recover. PAC argues that, because the Transfers served to pay an antecedent debt of the Debtor, PAC gave value within the meaning of § 548(c) of the Bankruptcy Code and, likewise, the Debtor received reasonable equivalent value.

PAC seeks summary judgment under Federal Rule of Civil Procedure 56.[4] Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] The moving party has the burden of establishing the right to summary judgment.[6] A "material" fact is one that "might affect the outcome of the suit under the governing law."[7] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[9] In determining entitlement to summary

---

[2] Affidavit of Kelton Farris, Doc. No. 18-1 at ¶ 5.
[3] Exhibit 1 to Affidavit of Kelton Farris, Doc. No. 18-1 at 8-9.
[4] Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.
[5] Fed. R. Civ. P. 56(a).
[6] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).
[8] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.
[9] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348 (1986).

judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[10]

The Trustee's constructive fraudulent transfer claims under § 548(a)(1)(B) of the Bankruptcy Code and the analogous § 726.106(1) of the Florida Statutes[11] allow the Trustee to avoid any transfer made by the Debtor within two years before the petition date so long as he proves (1) the Debtor received less than reasonable equivalent value in return for the Transfers, and (2) the Debtor was either insolvent, had unreasonably small capital at the time of the Transfers, or intended to incur debts beyond its ability to pay such debts as they matured.[12] "In fraudulent conveyance actions, the trustee has the burden of proof on all issues."[13] The Trustee must prove each element by a preponderance of the evidence.[14]

The gist of the Trustee's claims is that the Debtor was not operating at the time it paid for the insurance and, therefore, it did not receive reasonably equivalent value from the insurance coverage. However, as PAC rightly identifies in its motion, PAC did not provide the insurance; it simply provided a loan to the Debtor to allow it to purchase insurance. Through the Transfers, the Debtor paid an antecedent debt it certainly owed to PAC. Satisfaction of an antecedent debt is expressly included in the statutory definitions of "value".[15] Payment of an antecedent debt almost always constitutes reasonably equivalent value because it reduces the Debtor's debt dollar-for-

---

[10] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[11] The Trustee asserts the state law fraudulent transfer claims pursuant to his powers under § 544(b) of the Bankruptcy Code, but they are analogous "in form and substance" to their bankruptcy counterparts "and may be analyzed contemporaneously." *In re Stewart*, 280 B.R. 268, 273 (Bankr. M.D. Fla. 2001). *See also In re Toy King Distributors, Inc.*, 256 B.R. 1, 126-27 (Bankr. M.D. Fla. 2000).
[12] 11 U.S.C. § 548(a)(1)(B); *In re International Management Assoc.*, 399 F.3d 1288, 1292 (11th Cir. 2005).
[13] *Henkel v. Green (In re Green)*, 268 B.R. 628, 650 (Bankr. M.D. Fla. 2001) (citing *General Electric Credit Corp. of Tenn. v. Murphy (In re Rodriguez)*, 895 F.2d 725, 726 n.1 (11th Cir. 1990)).
[14] *In re Evergreen Sec., Ltd.*, 319 B.R. 245, 252 (Bankr. M.D. Fla. 2003). *See also In re Jackson*, 459 F.3d 117, 122-23 (1st Cir. 2006) (explaining why preponderance of evidence is the appropriate standard of proof in constructive fraud actions).
[15] 11 U.S.C. § 548(d)(2)(a); Fla. Stat. § 726.104(1).

dollar.[16] The Trustee did not dispute PAC's arguments in its response and did not produce any evidence pointing towards a material factual issue. Debtor received reasonably equivalent value through the reduction of its debt due to PAC. PAC is entitled to summary judgment on Count II, the Trustee's constructive fraudulent transfer claims.

The Trustee also asserts actual fraudulent transfer claims under § 548(a)(1)(A) of the Bankruptcy Code and § 726.105(1)(a) of the Florida Statutes.[17] PAC argues it received the payments in good faith and, as discussed above, gave value in return for the payments within the meaning of § 548(c) and the corresponding Florida provision.[18] These analogous affirmative defenses rest on the recipient's good faith; that is, whether the defendant had knew or should have known that the transfers were avoidable.[19]

PAC received the Debtor's financing request through an insurance broker and, consistent with its normal business practices, did not examine the Debtor's business or the circumstances surrounding its financing request. PAC received the request and was only aware of the information listed on the Premium Financing Agreement, such as the name of the entity requesting financing, the amount of the premium, and the names of the insurers.[20] PAC never received the underlying insurance policies, and in the course of its typical business practices, it never sought information on the underling policies.[21] Even if the Trustee's claims were true, that the Debtor purchased the insurance coverage for the benefit of other entities in order to frustrate its creditors, PAC had no knowledge of this and, objectively, had no reason to have such knowledge. PAC gave value for

---

[16] *See, e.g.*, *In re Pearlman*, 472 B.R. 115, 124 (Bankr. M.D. Fla. 2012) *aff'd*, 478 B.R. 448 (M.D. Fla. 2012) ("[L]oan repayments for a present or antecedent debt normally constitute 'reasonably equivalent value' to debtors because, in exchange, a debtor receives 'a reduction in the principal and interest of their loan by an equal amount.'" (citations omitted)); *see also Kipperman v. Onex Corp.*, 411 B.R. 805, 851-52 (N.D. Ga. 2009).
[17] Both of the Trustee's actual fraudulent transfer claims are analyzed contemporaneously. *See supra* note 11.
[18] 11 U.S.C. § 548(c); Fla. Stat. § 726.109(1).
[19] *In re Evergreen Sec., Ltd.*, 319 B.R. 245, 254 (Bankr. M.D. Fla. 2003).
[20] Affidavit of Kelton Farris, Doc. No. 18-1 at ¶¶ 12-16.
[21] *Id.* at ¶ 12.

the Transfers and accepted the repayment of its loan in good faith. PAC is entitled to summary judgment on the Trustee's actual fraudulent transfer claims.

The Court lastly will address the Trustee's cross-motion for partial summary judgment asking the Court to rule that PAC and another defendant were "mere conduits," and the insurer defendants were the "initial transferees" of the Transfers.[22] The motion (and the Trustee's response) is wholly non-responsive to PAC's motion for summary judgment. The Trustee's "mere conduit" argument has no bearing on PAC's entitlement to summary judgment, but is directed towards the Trustee's case against the insurer defendants, none of whom are involved with these competing cross-motions for summary judgment. If the proper defendants were put on notice of the Trustee's argument, she may have a valid point. But the issue is between parties other than PAC and the Trustee.

The Court finds it improper for the Trustee to couch its motion for partial summary judgment against multiple other defendants in a response or cross-motion to a single defendant's motion for summary judgment. Indeed, one target of the Trustee's motion, one of the Underwriters at Lloyd's London defendants, has yet to file an answer and has a pending motion to dismiss.[23] Thus, the Trustee's motion for summary judgment is premature at least as to that defendant, inadequate as to the other defendants, and insufficient to assert a defense to PAC's motion for summary judgment.[24] The Court will deny the Trustee's cross-motion for summary judgment, without prejudice, and allow the Trustee to properly file a separate motion for summary judgment at the appropriate time.

For the reasons stated above, the Court grants the Defendant PAC's motion for summary

---

[22] (Doc. No. 24.) The Trustee made this cross-motion in her response to PAC's motion for summary judgment.
[23] Doc. No. 14 (motion to dismiss).
[24] *See Anderson v. Franks*, No. 1:10-CV-3212-WSD, 2014 WL 3022927, at *2 (N.D. Ga. July 3, 2014) (plaintiff's summary judgment motion before defendant's answer held premature).

judgment and denies the Trustee's motion for partial summary judgment, without prejudice. A separate Final Judgment shall be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on December 19, 2014.

*/s/ Karen S. Jennemann*

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Jules Cohen, attorney for Premium Assignment Corporation, is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.