UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| FLORIDA ECO-SAFARIS, INC., ) | Case No. 6:12-bk-11411-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| | |
| CARLA P. MUSSELMAN, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary No. 6:14-ap-000114-KSJ |
| ) | |
| DAVID JONES INSURANCE, INC.; ) | |
| PREMIUM ASSIGNMENT ) | |
| CORPORATION; PROGRESSIVE ) | |
| CASUALTY INSURANCE COMPANY; ) | |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S, LONDON; and SCOTTSDALE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION DENYING DEFENDANT
DAVID JONES INSURANCE, INC.'S MOTION FOR SUMMARY JUDGMENT**

In this adversary proceeding, the Chapter 7 Trustee seeks to avoid and recover $19,527.32 in payments the Debtor, Florida Eco-Safaris, Inc., paid to the Defendant, David Jones Insurance, Inc. ("David Jones"), as actually and constructively fraudulent transfers.[1] David Jones seeks summary judgment arguing it was a "mere conduit" and has no liability, even if the Trustee ultimately proves a fraudulent transfer occurred. Because David Jones did not satisfy its burden on summary judgment, the Court denies its motion without prejudice.

---

[1] Complaint, Doc. No. 1.

David Jones seeks summary judgment under Federal Rule of Civil Procedure 56.[2] Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] The moving party must establish the right to summary judgment.[4] A "material" fact is one that "might affect the outcome of the suit under the governing law."[5] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] Once the moving party has met its burden, the nonmovant must set forth specific facts showing there is a genuine issue for trial.[7] In determining entitlement to summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."[8]

David Jones is a retail insurance agency that helps clients buy insurance policies.[9] David Jones here helped the Debtor obtain insurance policies from Defendants Certain Underwriters at Lloyd's[10] and Scottsdale Insurance Company ("Scottsdale") (collectively, the "Insurers").[11] David Jones received a $19,527.32 payment from the Debtor as a "premium down payment" (the "Transfer"). David Jones then forwarded $12,357.29 of the Transfer on to the Insurers[12] as actual

---

[2] Fed. R. Civ. P. 56, made applicable to adversary proceedings by Fed. R. Bankr. P. 7056.
[3] Fed. R. Civ. P. 56(a).
[4] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) .
[6] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.
[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348 (1986).
[8] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[9] David Jones Aff. ¶ 4 (Doc. No. 28, Exhibit A).
[10] Certain Underwriters at Lloyds refers to two separate defendants: Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. RBL006311 and Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. SRD424167. The Trustee has reached settlements with these defendants, and her Rule 9019 motions are currently pending. *See* Doc. Nos. 38 & 39.
[11] David Jones Aff. ¶ 5 (Doc. No. 28, Exhibit A).
[12] In actuality, David Jones transferred the premium down payment to Burns & Wilcox, an insurance wholesale broker and underwriting manager that provides insurance products for retail insurance agents and brokers, like David Jones, to sell to insurance consumers, like the Debtor. In that capacity, Burns & Wilcox serves as the general agent for the Insurers and has underwriting authority from the Insurers to issue policies on their behalf. Burns & Wilcox maintained such a relationship with Scottsdale.

premium payments and retained the difference—$7,170.03[13]—as commissions for facilitating the various insurance policies.[14] All additional premium payments were funded by Premium Assignment Corporation and did not flow through David Jones.[15]

David Jones argues that, as a "mere conduit", it has no fraudulent transfer liability because it simply passed the money from the Debtor to the Insurers.[16] The Trustee, who previously advanced a similar argument,[17] unsurprisingly "consents" to David Jones's motion for summary judgment.[18] From the Trustee's perspective, if the Court deems David Jones a mere conduit, the Trustee's case is made easier against Scottsdale, the only remaining Insurer Defendant.[19] Scottsdale filed a detailed response to David Jones's motion for summary judgment, arguing David Jones is not a mere conduit because (1) it did not establish it received the Transfer in good faith, and (2) it retained a portion of the Transfer as commissions.[20]

The Trustee seeks to avoid allegedly actual and constructive fraudulent transfers under § 548 of the Bankruptcy Code[21] and equivalent claims under § 726 of the Florida Statutes.[22] Avoidance of a transfer, however, is not analogous to recovery.[23] Once the Trustee successfully avoids a transfer, § 550 the Bankruptcy Code provides that "the trustee may recover, for the

---

[13] In its motion and Burns & Wilcox's supporting affidavit, Scottsdale appears to have made a scrivener's error as to the amount David Jones retained as a commission. The alleged commission total ($7,170.20) added to the amount purportedly forwarded to the Insurers ($12,357.29) do not add up to the Transfer amount ($19,527.32). Maharaj Aff. ¶ 23 (Doc. No. 36-1). The difference is miniscule, but to make the numbers mesh, the Court uses $7,170.03 as the commission amount, giving David Jones the benefit of the discrepancy.

[14] Maharaj Aff. ¶ 23. Doc. No. 36-1.

[15] The Court previously granted summary judgment in favor of Premium Assignment Corporation on the Trustee's claims against it. Doc. No. 34.

[16] *See generally In re Harwell*, 628 F.3d 1312 (11th Cir. 2010) (explaining the "mere conduit" defense).

[17] Doc. No. 24.

[18] Doc. No. 38.

[19] The other Insurer Defendants have reached settlements with the Trustee. The Court has granted one of the Trustee's motions to approve compromise (Doc. No. 33), and two others are currently pending (Doc. Nos. 38 & 39).

[20] Doc. No. 37.

[21] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et. seq*.

[22] The Trustee asserts the state law fraudulent transfer claims pursuant to § 544(b) of the Bankruptcy Code, but they are analogous "in form and substance" to their bankruptcy counterparts "and may be analyzed contemporaneously." *In re Stewart*, 280 B.R. 268, 273 (Bankr. M.D. Fla. 2001). *See also In re Toy King Distributors, Inc.*, 256 B.R. 1, 126-27 (Bankr. M.D. Fla. 2000).

[23] *In re Pearlman*, 515 B.R. 887, 895-96 (Bankr. M.D. Fla. 2014) ("In fraudulent transfer actions, there is a distinction between avoiding the transaction and actually recovering the property or the value thereof." (quoting *In re Kingsley*, 518 F.3d 874, 877 (11th Cir. 2008)).

benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer" among others.[24]

The Bankruptcy Code does not define "transferee" or "initial transferee." The Eleventh Circuit Court of Appeals has "observed that a literal or rigid interpretation of the statutory term 'initial transferee' in § 550(a) means that the first recipient of the debtor's fraudulently-transferred funds is an 'initial transferee.'"[25] The Eleventh Circuit, however, has "carved out an equitable exception to the literal statutory language of 'initial transferee,' known as the mere conduit or control test, for initial recipients who are 'mere conduits' with no control over the fraudulently-transferred funds."[26] In *In re Pony Express Delivery Services, Inc.*, the Eleventh Circuit applied the mere conduit doctrine to shield an insurance broker from initial transferee liability where it transferred premium payments to the ultimate insurer on behalf of the debtor.[27]

As Scottsdale rightly points out, however, David Jones introduced no evidence or made no argument establishing its good faith. The Eleventh Circuit in *In re Harwell* explicitly held "that good faith is a requirement under this Circuit's mere conduit or control test."[28] Further, the court clarified that the burden of establishing good faith falls to the defendant: "Accordingly, initial recipients of the debtor's fraudulently-transferred funds who seek to take advantage of equitable exceptions to § 550(a)(1)'s statutory language *must establish* (1) that they did not have control over the assets received, i.e., that they merely served as a conduit for the assets that were under the actual control of the debtor-transferor *and* (2) that they acted in good faith and as an innocent participant in the fraudulent transfer."[29]

---

[24] 11 U.S.C. § 550(a).
[25] *In re Harwell*, 628 F.3d 1312, 1322 (11th Cir. 2010) (quoting *In re Chase & Sanborn Corp.*, 848 F.2d 1196, 1199 (11th Cir. 1988)).
[26] *In re Harwell*, 628 F.3d 1312, 1322 (11th Cir. 2010).
[27] *In re Pony Exp. Delivery Servs., Inc.*, 440 F.3d 1296 (11th Cir. 2006). *See also In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 130 F.3d 52 (2d Cir. 1997) (holding that insurance broker was mere conduit because it "had no discretion or authority to do anything else but transmit the money" to the insurer, which "is just what it did").
[28] *Harwell*, 628 F.3d at 1323.
[29] *Id.* (emphasis added).

David Jones introduced no evidence of its good faith or even mentioned good faith in its motion for summary judgment and accompanying affidavit. Because David Jones failed to demonstrate good faith, it did not meet its summary judgment burden "by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial."[30] David Jones's two-page affidavit does not mention good faith or discuss predicate facts upon which the Court could even make an inference of good faith. And because good faith is an essential element of a mere conduit defense, the Court cannot find, at this juncture, that David Jones was a mere conduit.

The Court denies David Jones' motion for summary judgment on the mere conduit issue without prejudice. To further assist the parties in their discussions, the Court however would suggest that, even if David Jones' good faith later *is* established, the Court could not grant summary judgment as to the $7,170.03 portion of the Transfer retained by the Defendant for its commission. A separate order consistent with this Memorandum Opinion will be entered.

DONE AND ORDERED in Orlando, Florida, on March 31, 2015.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Janice Buchman, Attorney for Scottsdale, is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

---

[30] *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990).